IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DORIAN WILBORN,
No. B-85961,

Petitioner,

vs.                                              Case No. 14-cv-984-DRH

THOMAS A. SPILLER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Dorian Wilborn, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a negotiated guilty plea, petitioner was convicted of murder in 2007 in St. Clair County, Illinois. The court imposed the prosecutor's recommended sentence of 20 years in prison. This sentence was to be served at 100%; in other words, petitioner would not be entitled to any good conduct credit to earn an earlier release (Doc. 1, p. 1).

Petitioner claims that before he entered his guilty plea, he was not advised by the prosecutor or by the court that his sentence would also include a three-year term of mandatory supervised release ("MSR") (also known as parole). He thus challenges the imposition of the MSR term, and seeks an order modifying his sentence to a 17-year term of imprisonment, to be followed by the three-year period of MSR (Doc. 1, pp. 8-9, 19).

## I.   Procedural History

After pleading guilty and being sentenced on June 13, 2007, petitioner did not pursue a direct appeal. He later filed two untimely motions to withdraw his guilty plea, on September 19, 2007, and again on February 8, 2008 (Doc. 1, p. 36). Both motions were denied by the trial court. Petitioner's appeal of the denial of the second motion was dismissed on May 5, 2008, because he had not sought timely relief in the trial court (Doc. 1, pp. 28, 36).

More than three years later, on June 3, 2011, petitioner filed a state petition for post-conviction relief (Doc. 1, pp. 3, 36), claiming that he was not properly admonished that his 20-year sentence would include the three-year MSR term. He asserted that he would not have entered into the plea agreement had he known of that consequence (Doc. 1, pp. 4, 36). The trial court dismissed the post-conviction petition, finding that "[t]he record clearly shows the Petitioner was properly admonished" (Doc. 1, pp. 29, 36).

Petitioner appealed, and on August 8, 2013, the Illinois Appellate Court, Fifth District, affirmed the trial court's judgment in an unpublished order (Doc. 1, pp. 35-45). Addressing the merits of petitioner's argument, the appellate court held that there had been substantial compliance with the requirement to admonish him of the consequences of his guilty plea, including the mandatory MSR term. *See People v. Whitfield*, 840 N.E.2d 658, 669 (Ill. 2005); Ill. S. Ct. R. 402(a)(2). Petitioner sought further review from the Illinois Supreme Court, but his petition for leave to appeal was denied on May 28, 2014 (Doc. 1, p. 48). He filed the instant habeas petition on September 10, 2014.

## II. The Petition

Petitioner argues that prior to accepting his guilty plea, the trial court only admonished him of the minimum and maximum sentence (20-60 years) he would face if he went to trial and was found guilty (Doc. 1, pp. 8-9). The judge did not tell him that the recommended 20-year sentence would include a three-year MSR term if the court accepted his guilty plea. He further claims that at the time he made the plea agreement, the state did not admonish him that the MSR term would be added to his agreed 20-year sentence. He asserts that he "never would have pled guilty had he been aware of the consequences of his guilty plea agreement with the state included (3) more years MSR." (Doc. 1, p. 9). According to the petition, the imposition of the MSR term without proper advance warning violated his Fourteenth Amendment due process rights as well as Illinois Supreme Court Rule 402(a)(2), and denied him the benefit of his plea bargain (Doc. 1, pp. 22-23).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. A response shall be ordered.

## III. Pending Motions

Petitioner's motion for recruitment of counsel (Doc. 3) is **DENIED** at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. Whether the interests of

justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

The motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT.** The government shall be ordered to respond as provided below.  It is not necessary for this order or the petition to be served on respondent by the United States Marshal or a special process server.

### IV. Disposition

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before November 7, 2014).[1]  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that if petitioner fails to pay the $5.00 filing fee for this action by October 22, 2014, as directed in the order at Doc. 6, this action shall be subject to dismissal.  See FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  See SDIL-EFR 3.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 7th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.07 11:06:16 -05'00'

**District Judge**
**United States District Court**