IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DORIAN WILBORN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No.  14-cv-984-DRH-CJP** |
| | ) | |
| **THOMAS A. SPILLER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Dorian Wilborn pleaded guilty to a charge of first degree murder in the Circuit Court of St. Clair County, Illinois, in June, 2007.  He was sentenced to twenty years imprisonment to be followed by a three year term of mandatory supervised release ("MSR").

On September 10, 2014, Wilborn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1).  He claims that he did not receive the benefit of his plea agreement because he was not admonished by the state or the trial court that he would have to serve a three year term of MSR.

This matter is now before the Court on respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Untimely.  (Doc. 12).  Petitioner responded to the motion at Doc. 14.

**1.    Relevant Facts**

Wilborn was sentenced on June 13, 2007.  He did not file a direct appeal. Doc. 1, pp. 1-2.

On June 3, 2011, almost four years after he was sentenced, petitioner filed a state postconviction petition challenging the term of MSR.   The petition was denied, and the Appellate Court, Fifth District, affirmed.   Doc. 1, pp. 35-45. The Supreme Court denied petitioner's PLA.  Doc. 1, p. 48.

**2.   Applicable Legal Standards**

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus.   Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition.  28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).   Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

<b><u>Analysis</u></b>

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when his conviction became final upon expiration of the time for seeking direct review.

Wilborn was sentenced on June 13, 2007. He had thirty days in which to file a motion to reconsider his sentence or a motion to withdraw his guilty plea, which is a prerequisite to filing an appeal from a judgment entered upon a guilty plea. Ill. Sup. Ct. Rule 604(d). Petitioner did not file a post-trial motion, so his conviction became final on July 13, 2007.

The one-year limitations period began running on July 14, 2007, and expired long before petitioner filed his habeas petition in September, 2014.

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief.

Wilborn filed a state postconviction petition on June 3, 2011, after the one-year limitations period had already expired. The state court considered the petition on substantive grounds and determined that Wilborn had been properly

admonished regarding the term of MSR.  See, *People v. Wilborn*, Appellate Court, Fifth District, Rule 23 order affirming dismissal of petition, Doc. 1, pp. 35-45. However, the filing of a state postconviction petition after the one-year limitations period has expired does not serve to reset the clock, regardless of whether the state court disposed of the petition on procedural or substantive grounds.  *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Wilborn's habeas petition was untimely unless equitable tolling applies. Petitioner bears the burden of showing that he is entitled to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).  He has not made any attempt to make such a showing.  Neither his petition nor his reply, Doc. 14, addresses the timeliness issue.  Further, he has not advanced a colorable claim of actual innocence so as to come within the rule of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).   Both components must be established for a COA to issue.

Here, it is clear that Wilborn's petition is time-barred.  No reasonable jurist would find the issue debatable.  Accordingly, the Court denies a certificate of appealability.

## Conclusion

Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Untimely (Doc. 12) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.   The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2015.

Digitally signed by
David R. Herndon
Date: 2015.03.12
16:35:03 -05'00'

**United States District Court**